﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 200415-81918
DATE: August 31, 2020

ORDER

An increased rating in excess of 50 percent for bilateral hearing loss is denied.

FINDING OF FACT

The Veteran’s bilateral hearing loss has been manifested by hearing acuity of no worse than Level VI in the right ear and no worse than Level XI in the left ear.

CONCLUSION OF LAW

The criteria for a rating in excess of 50 percent for bilateral hearing loss have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.85, 4.86, Diagnostic Code 6100.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from November 1959 to September 1964.

The Veteran filed a claim for a higher disability rating for his service-connected hearing loss October 24, 2019. The January 2020 rating decision on appeal granted a 50 percent rating for the Veteran’s bilateral hearing loss. The Veteran timely disagreed with the assigned 50 percent rating in April 2020, and requested Board review under the “evidence submission” lane. Accordingly, the Board is permitted to consider evidence through the date of the rating decision, as well as any evidence received during the 90-day period following submission of the April 2020 VA Form 10182. No additional evidence relating to the present claim was received during this latter time period. 

As noted, the Veteran is in receipt of a 50 percent rating for his bilateral hearing loss for the relevant appeal period. He contends that he is entitled to a 70 percent rating. See April 2020 VA Form 10182, Notice of Disagreement.

Evaluations of defective hearing range from noncompensable to 100 percent based on organic impairment of hearing acuity as measured by the results of a controlled Maryland CNC speech discrimination test together with the average hearing threshold level measured by pure tone audiometry tests in the frequencies of 1000, 2000, 3000, and 4000 cycles per second (Hertz). 38 C.F.R. § 4.85, Diagnostic Code 6100.

To evaluate the degree of disability from bilateral service-connected hearing loss, the schedule establishes 11 auditory hearing acuity levels designated from Level I for essentially normal hearing acuity through Level XI for profound deafness. 38 C.F.R. § 4.85, Tables VI and VII.

An exceptional pattern of hearing impairment occurs when the pure tone threshold at each of the four specified frequencies (1000, 2000, 3000, and 4000 Hertz) is 55 decibels or more. 38 C.F.R. § 4.86(a). In that situation, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever results in the higher numeral. Further, when the average pure tone threshold is 30 decibels or less at 1000 Hertz, and 70 decibels or more at 2000 Hertz, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIA, whichever results in the higher numeral, and that numeral will then be elevated to the next higher numeral. 38 C.F.R. § 4.86(b).

In connection with his October 2019 increased rating claim, the Veteran underwent a VA examination in November 2019. He reported significant diminished hearing.

On the authorized audiological evaluation, pure tone thresholds, in decibels, were as follows:

 HERTZ 

 500 1000 2000 3000 4000 Avg

RIGHT 50 60 75 80 80 74

LEFT 105+ 105+ 105+ 105+ 105+ 105

Speech audiometry revealed speech recognition ability of 72 percent in the right ear and of 0 percent in the left ear. These results show an exceptional pattern of hearing impairment in both of the Veteran’s ears, so either Table VI or Table VIA, whichever results in the higher numeral, is used to determine the designation. 38 C.F.R. § 4.86(a). Table VI and Table VIA both result in a designation of Level VI in the right ear and Level XI in the left ear. Applying the rating criteria, numeric scores of Level VI in the right ear and Level XI in the left ear provide for the assignment of a 50 percent rating, pursuant to Table VII. 38 C.F.R. § 4.86(a). 

Accordingly, the Board finds that for the entire appeal period, a rating in excess of 50 percent is not warranted. Even with consideration of the exceptional pattern of hearing impairment in both ears, audiometry results and speech recognition scores from the November 2019 VA examination correspond to a 50 percent rating pursuant to Diagnostic Code 6100. The Board notes that a private report of examination was submitted in August 2019 indicating that the Veteran reported diminished hearing. The report does not provide a basis for a higher rating, as no audiometric testing was completed.

The Board recognizes the Veteran’s belief that he is entitled to a 70 percent rating for his hearing loss. However, as noted above, disability evaluations for hearing impairment are derived from a mechanical application of the rating schedule to the numeric designations resulting from audiometric testing. See Lendenmann v. Principi, 3 Vet. App. 345 (1992). In addition, the functional impact that the Veteran describes (i.e., difficulty hearing others, having to ask others to repeat themselves) is contemplated by the rating criteria. Doucette v. Shulkin, 28 Vet. App. 366 (2017). The Veteran’s main complaint is significantly decreased hearing acuity, which is what is contemplated in the rating assigned. See Rossy v. Shulkin, 29 Vet. App. 142, 145 (2017).

Accordingly, the preponderance of the most probative evidence is against the claim of entitlement to a rating in excess of 50 percent for the Veteran’s service-connected bilateral hearing loss. In reaching this conclusion, the Board has considered the doctrine of reasonable doubt, however, as the preponderance of the evidence is against the claim, the doctrine is not for application. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

 

V. Chiappetta

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Polly Johnson, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.